UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MILWAUKEE
Milwaukee Division

| | |
|---|---|
| BAUMANN FARMS, LLP, a Wisconsin limited liability partnership; GLENN HEIER; and AARON KAISER, <br><br> Plaintiffs, <br><br> vs. <br><br> YIN WALL CITY, INC., an Illinois corporation; SUT I. FONG; CHOENG SAT O; YIN WALL CITY, INC., a Texas corporation; and YIN WALL CITY, DALLAS, INC., a Texas Corporation, <br><br> Defendants. | Case No: 2:16-cv-605 <br><br> Judge: <br> Magistrate: |

*CLASS ACTION COMPLAINT*

THE PLAINTIFFS, Baumann Farms, LLP; Glenn Heier; and Aaron Kaiser, individually and on behalf of all others similarly situated, by their attorney, Michael T. Hopkins, as and for a complaint against the Defendants, Yin Wall City, Inc.; Sut I. Fong; Cheong Sat O; Yin Wall City, Inc.; and Yin Wall City, Dallas Inc., allege and show to the Court as follows, to wit:

INTRODUCTION

1. The consumption of ginseng, a root cultivated in Asia and North America, among other locales, has long been attributed with certain medicinal effects, including lowering blood

pressure, lowering blood sugar levels, boosting energy levels, and generally calming and soothing the recipient.[1]

      2. Ginseng root is normally consumed raw (in small slices), powdered and placed in capsules to be taken orally, or grated and used to make tea. It has also been used in the manufacture of certain candies.

      3. A recent scientific study undertaken by Mayo Clinic found that the regular ingestion of pure Panax quinquefolius variety of ginseng (commonly referred to as "American Ginseng"), which is the type grown in Wisconsin, reduced fatigue in cancer patients.[2]

      4. Ginseng root grown in Wisconsin is sold at a premium on the world market of two and one-half to three and one-half times the price of ginseng root grown elsewhere, due to its purity and relative high levels of ginsenocide, the medicinal active ingredient found in ginseng root.

      5. Due to the popularity of and premium price paid domestically for Wisconsin grown ginseng, some U.S. wholesalers and retailers of ginseng root will import, in bulk, inferior (and less expensive) ginseng root from Canada, Mexico, or Asia, and package it in boxes and containers describing the root as having been grown in Wisconsin, so that the mislabeled packages can thereinafter be resold at a premium.[3]

---

[1] Vuksan V, Stavro MP, Sievenpiper JL, Beljan-Zdravkovic U, Leiter LA, Josse RG, Xu Z. Similar postprandial glycemic reductions with escalation of dose and administration time of American Ginseng in Type 2 Diabetes. Diabetes Care 23(9); 1221-1225, 2000; and http://www.ncbi.nlm.nih.gov/pmc/articles/PMC2952762/

[2] See: http://www.mayo.edu/research/forefront/ginseng-fights-fatigue-cancer-patients?_ga=1.243697349.1544764240.1439469256

[3] http://www.latimes.com/local/california/la-me-adv-ginseng-american-20150301-story.html#page=1

6. Based upon certain scientific and statistical analysis undertaken at the request of Ginseng Board of Wisconsin, Inc., it has been conclusively established that the Defendants have sold and offered to sell Chinese grown ginseng root which has been identified and/or labeled by Defendants as having been grown in Wisconsin.

## JURISDICTION

7. The Court has original subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1121(a) as this action arises under the Federal Trademark Act, 15 U.S.C. §1051, et seq. The Court also has subject matter jurisdiction over this putative class action pursuant to 28 U.S.C. §1332(d), as the matter in controversy exceeds FIVE MILLION ($5,000,000.00) DOLLARS, exclusive of interest and costs, and this matter is a class action in which the putative class members are all citizens of states other than Defendants' states of citizenship.

8. The Court has personal jurisdiction over the Defendants pursuant to Wis. Stats. §801.05(1)(d) and (4)(a) and (b), as the Defendants are engaged in substantial and not isolated activities within this state; this is an action claiming injury to property within this state arising out of an act or omission outside this state by the defendants, who, at the time of injury, carried out solicitation activities within this state; and products processed, serviced or manufactured by the Defendants were used or consumed within this state in the ordinary course of trade, all as more fully alleged below.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) and (3), as a substantial part of the events giving rise to this claim arose within this District, and one or more

of the corporate Defendants are subject to the court's personal jurisdiction with respect to this action.

PARTIES

10. The Plaintiff, Baumann Farms, LLP (hereinafter "Baumann"), is a Wisconsin limited liability partnership with its principal office and place of business located in Marathon County, Wisconsin, and which, as its principal business activity, is engaged in the cultivation, harvesting and sale of ginseng root within the State of Wisconsin.

11. The Plaintiff, Glenn Heier (hereinafter "Heier"), is an adult individual residing in Marathon County, Wisconsin, who is engaged in the cultivation, harvesting and sale of ginseng root within the State of Wisconsin.

12. The Plaintiff, Aaron Kaiser (hereinafter "Kaiser"), is an adult individual residing in Marathon County, Wisconsin, who is engaged in the cultivation, harvesting and sale of ginseng root within the State of Wisconsin.

13. The Defendant, Yin Wall City, Inc. is an Illinois corporation having its principal corporate office located in Chicago, Illinois, and which, as its principal corporate activity, is engaged in the sale of food, food stuffs and other related goods, including ginseng root and other consumable products containing ginseng, at wholesale and retail.

14. The Defendant, Yin Wall City, Inc. is a Texas corporation having its principal corporate office located in Houston, Texas, and which, as its principal corporate activity, is engaged in the sale of food, food stuffs and other related goods, including ginseng root and other consumable products containing ginseng, at wholesale and retail.

15. The Defendant, Yin Wall City, Dallas Inc. is a Texas corporation having its principal corporate office located in Houston, Texas, and which, as its principal corporate activity, is engaged in the sale of food, food stuffs and other related goods, including ginseng root and other consumable products containing ginseng, at wholesale and retail.

16. The Defendant, Sut I. Fong, is an adult individual whose principal residence is located in Chicago, Illinois, and is a principal officer, director and shareholder of each of the corporate Defendants.

17. The Defendant, Cheong Sat O, is an adult individual whose principal residence is located in Chicago, Illinois, and is a principal officer, director and shareholder of each of the corporate Defendants.

FACTS

18. By virtue of Wis. Stats. §94.50(2) and the Wisconsin Administrative Code, Chapter ATCP 148, each and every ginseng farmer in the State of Wisconsin must register annually with Wisconsin's Department of Agriculture, Trade and Consumer Protection, and is by virtue of said registration a member of Ginseng Board of Wisconsin, Inc. (hereinafter "GBW"), a trade association whose creation was authorized and mandated by the State of Wisconsin.

19. Baumann has registered as a ginseng grower with Wisconsin's Department of Agriculture, Trade and Consumer Protection.

20. Heier has registered as a ginseng grower with Wisconsin's Department of Agriculture, Trade and Consumer Protection.

21. Kaiser has registered as a ginseng grower with Wisconsin's Department of Agriculture, Trade and Consumer Protection.

22. Baumann, Heier and Kaiser will hereinafter be collectively referred to as "Growers."

23. Wisconsin currently has 180 ginseng growers registered with Wisconsin's Department of Agriculture, Trade and Consumer Protection (hereinafter "ATCP"), which includes all legally operating ginseng growers in Wisconsin.[4]

24. Ginseng root grown in Wisconsin is sold at a premium on the world market of two and one-half to three and one-half times the price of ginseng root grown elsewhere, due to its purity and relative high levels of ginsenocide, the medicinal active ingredient found in ginseng root.

25. The corporate Defendants identified in paragraphs 13-15, supra (hereinafter collectively referred to as YWC) operate retail stores in Illinois and Texas where they sell, inter alia, ginseng root and other dietary supplements and foods.

26. YWC advertises its retail locations and the products sold thereat via various websites accessible by consumers in Wisconsin, and engages in substantial and not isolated business activity within the State of Wisconsin, including the purchase of bulk-unprocessed and processed-prepackaged ginseng root from one or more wholesalers located within the State of Wisconsin.

27. On December 7, 2014, a representative of GBW purchased six packages of ginseng root at YWC's retail location(s) in Chicago, Illinois, which bore the YWC trademark.

28. The packages of ginseng root purchased by the GBW representative from YWC on December 7, 2014, were clearly marked as containing ginseng grown in Wisconsin.[5]

---

[4] See Exhibit 1 attached hereto and incorporated herein, which is a screen capture from ATCP's website.
[5] See a photograph of the packages attached hereto as Exhibit 2.

29. After purchasing the packages of ginseng root from YWC, GBW forwarded four of them, intact and unopened, to Covance Laboratories, Inc. (hereinafter "Covance"), a commercial laboratory located in Madison, Wisconsin, for scientific trace metals analysis.

30. Covance thereinafter conducted a trace metals analysis of said ginseng root using its established scientific protocols, and issued Certificates of Analysis on January 30, 2015.[6]

31. The Certificates of Analysis were then forwarded by Covance to the Department of Medical Sciences, School of Veterinary Medicine, University of Wisconsin-Madison, for statistical analysis of the trace metals found in the ginseng root which GBW purchased from YWC, as compared to known data base sets of trace metals found in ginseng root grown in Wisconsin, China, and Canada.

32. The statistical analysis conducted at the University of Wisconsin of the trace metals found in YWC's ginseng root established, to a probability of 92%, that YWC's ginseng root which was being sold and packaged as Wisconsin grown ginseng, was actually grown in China.[7]

33. YWC, and each of them, have conspired and agreed to falsely designate and describe the origin and nature of the ginseng root they sell, so as to cause mistake and deceive the consuming public and others regarding its origin and nature, thereby enabling them to sell the inferior ginseng root imported from foreign locations at a premium, as described above.

34. YWC, and each of them, have conspired and agreed to utilize commercial advertising which misrepresents the nature, characteristics and origin of the ginseng root they sell so that

---

[6] See copies of the Certificates attached hereto as Exhibits 3-6.
[7] See the February 2015 Report by E. Amene, and D. Döpfer, Department of Medical Sciences, School of Veterinary Medicine, UW-Madison, attached hereto as Exhibit 7.

YWC may sell the inferior ginseng root imported from foreign locations at a premium, as described above.

35. The conduct of YWC, described above, was performed and accomplished through the direction, control, conduct and instructions of the Defendants, Fong and Sat O, personally and as directors, shareholders and principal officers of YWC. Fong and Sat O had the ability to prevent YWC from engaging in the tortious conduct referred to above and/or to stop said conduct once it began. Further, Fong and Sat O have received pecuniary benefit from YWC's tortious conduct. Accordingly, Fong and Sat O are personally liable to Plaintiffs for the tortious conduct of YWC, described above.

## CLASS ALLEGATIONS

36. This action may properly be maintained as a class action pursuant to Rule 23, Fed. R. Civ. P.

37. Plaintiffs bring this action as a class action on behalf of themselves and the following class:

> **All individuals and entities engaged in the business of cultivating ginseng in the State of Wisconsin who have registered, as mandated by Wis. Stats. §94.50(2), as ginseng growers with Wisconsin's Department of Agriculture, Trade and Consumer Protection between January 2011 and the date of judgment herein.**

38. Excluded from the Class are Defendants, and all officers, directors, employees and agents of Defendants..

39. The Class is composed of at least 180 individuals or entities, in the aggregate. Members of the Classes are so numerous that joinder of all members would be impracticable.

40. There are common questions of law or fact among the Class members, including:

a. The nature, scope and duration of the wrongful practices of Defendants;

b. Whether Defendants' advertising, marketing, product packaging, and other promotional materials constituted false advertising and/or unfair competition;

c. Whether Defendants knew that their representations regarding the source of the ginseng root sold were false or misleading, but continued to make them;

d. Whether, by the misconduct as set forth in this Complaint, Defendants engaged in false advertising and/or unfair competition in violation of §43(a) of the U.S. Lanham Act, 15 U.S.C. §1125(a);

e. The amount of profit realized by Defendants associated with their wrongful conduct, as alleged in this Complaint; and

f. Whether, as a result of Defendants' misconduct as set forth in this Complaint, Plaintiffs and the Class are entitled to damages, equitable relief, and the amount and nature thereof.

41. Plaintiffs' claims are typical of the members of the Class because Plaintiffs and all members of the Class were injured by the same wrongful practices of Defendants as described in this Complaint. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the Class members, and are based on the same legal theories. Plaintiffs have no interests that are contrary to or in conflict with those of the Class they seek to represent.

42. Plaintiffs will fairly and adequately represent the interests of the members of the Class. Plaintiffs' interests are the same as, and not in conflict with, the other members of the Classes. Plaintiffs' counsel is experienced in complex litigation.

43. Questions of law or fact common to the members of the Class predominate and a class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While any individual grower has standing to sue

Defendants for violation of §43(a) of the U.S. Lanham Act, and to recover Defendants' profit arising from said violation, pursuant to §35(a) thereof, the recovery of Defendants' profits by one or two growers would necessarily diminish the assets available to Defendants to compensate other members of the class who may later bring suit. Further, the likelihood of individual members of the Class prosecuting separate claims is remote and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action, and certification of the Class is proper.

44. Relief concerning Plaintiffs' rights under the laws herein alleged and with respect to the Class would be proper on the additional ground that Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole.

CAUSE OF ACTION - VIOLATION OF 15 U.S.C. §1125(a)

45. Plaintiffs reallege and incorporate, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 44, supra.

46. The conduct of the Defendants, and each of them, described above, is likely to cause injury and damage to Plaintiffs and the Class by:

    a)     introducing ginseng root into the U.S. market which purports to be grown in Wisconsin, thereby depressing the price at which ginseng root actually grown in Wisconsin may be sold; and

    b)     selling ginseng root of poor and deficient quality identified as Wisconsin ginseng root, thereby eroding the status and desirability of Wisconsin ginseng in the mind of the consuming public, decreasing overall market demand for Wisconsin grown ginseng.

47. By engaging in the false and misleading conduct identified above, the Defendants have engaged in false advertising and unfair competition in violation of §43(a) of the U.S. Lanham Act, 15 U.S.C. §1125(a).

48. Pursuant to §35(a) of the U.S. Lanham Act, 15 U.S.C. §1117(a), Plaintiffs are entitled to recover of the Defendants, jointly and severally, the profits Defendants obtained from selling the ginseng root described above, trebled, together with their actual attorney fees and costs, as an exceptional case.

49. Pursuant to §36 of the U.S. Lanham Act, 15 U.S.C. §1118, Plaintiffs request that an order be entered instructing the U.S. Marshall to seize and thereinafter destroy all packages of ginseng root described above, and all like packaging materials in Defendants' possession and control.

WHEREFORE, Plaintiffs hereby demand that judgment be entered in their favor and against Defendants, jointly and severally, as follows:

A. That this matter be certified as a class action with the Class defined as set forth above pursuant to Rule 23, Fed. R. Civ. P.; that the Plaintiffs be appointed Class Representatives; and that Plaintiffs' attorney be appointed Class Counsel.

B. That the Court enter an order requiring Defendants to immediately cease the wrongful conduct described above; enjoining Defendants from continuing to conduct business via the unlawful and unfair business acts and practices complained of herein; and ordering Defendant to engage in a corrective notice campaign;

C. Awarding Plaintiffs treble the profits obtained by Defendants from the sale of ginseng root described above, pursuant to 15 U.S.C. §1117(a);

D. Awarding Plaintiffs the actual costs and attorney fees incurred in prosecution of this matter as an exceptional case, pursuant to 15 U.S.C. §1117(a);

E. Ordering the U.S. Marshall to seize and thereinafter destroy all packages of ginseng root described above, and all like packaging materials in Defendants' possession and control; and

F. Such other relief as the Court may deem just and equitable.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY**

Dated this 22nd day of May, 2016.

       /s/ Michael T. Hopkins   .
Michael T. Hopkins,
LEAD COUNSEL
mth@ip-lit.us
WI Bar No: 1014792

IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202

Tel/Fax: 888-227-1655

attorney for Plaintiffs