IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BAUMANN FARMS, LLP<br>a Wisconsin limited liability partnership;<br>GLENN HEIER; and AARON KAISER,<br><br>Plaintiffs,<br><br>v.<br><br>YIN WALL CITY, INC., an Illinois<br>corporation; SUT I. FONG; CHEONG SAT O;<br>YIN WALL CITY, INC., a Texas corporation;<br>and YIN WALL CITY, DALLAS, INC.,<br>a Texas corporation,<br><br>Defendants. | Case No.: 2:16-cv-605<br><br>Judge: Hon.<br>Mag. Judge: Hon. |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR
LACK OF PERSONAL JURISDICTION OVER EACH DEFENDANT, AND
FAILURE TO SATISFY REQUISITE JURISDICTIONAL AMOUNT IN
CONTROVERSY FOR CLASS ACTION**

## I. INTRODUCTION

Defendants YIN WALL CITY, INC., an Illinois corporation; YIN WALL CITY, INC., a Texas corporation; YIN WALL CITY, DALLAS, INC., (a Texas corporation), (collectively "YWC Defendants") and SUT I. FONG and CHEONG SAT O ("YWC Principals") file this Motion to Dismiss Complaint on two independent bases, either one of which is fatal to the Court having jurisdiction to adjudicate this action.

The first independent basis is that the Court lacks *general* and *special* jurisdiction over the Defendants in this action, because none of the Defendants reside or maintain any presence in

1

the State of Wisconsin thereby precluding *general* jurisdiction, and owing to the absence of requisite minimum contacts of Defendants with the State of Wisconsin relating to the accused products in this action, thereby precluding *special* jurisdiction. The absence of *general* and *special* jurisdiction is in itself sufficient grounds for dismissal. Fed.R.Civ.P. 12(b)(2).

The second independent basis is that the allegation of Baumann Farms, LLP, a Wisconsin limited liability partnership, Glenn Heier and Aaron Kaiser (collectively "Plaintiffs"), that the requisite amount in controversy is at least $5,000,000 for their alleged class action, as required by 28 U.S.C. § 1332(d), is simply not *plausible*. The absence of the requisite amount in controversy, which is required to maintain a class action under the statute, is also by itself sufficient grounds for dismissal. Fed.R.Civ.P. 12(b)(6).

In addition, even if this action were not dismissed in its entirety, the YWC Principals should be dismissed as against them as individuals because none of the acts complained of were performed by the YWC Principals outside of their role as officers of the YWC Defendants, and as such, the Complaint fails to allege a claim for which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Further, to the extent that Plaintiffs seek to proceed with the lawsuit a joint action and not as a class action, Plaintiffs have not pled that any of the accused sales made by Defendants would have been made by the three named Plaintiffs, as compared to one or more of the some 200 Wisconsin ginseng growers. Unlike a typical Section 43(a) Lanham Act case, the three named Plaintiffs are not the sole suppliers of ginseng grown in Wisconsin and cannot prove that sales by the YWC Defendants were diverted from the three Plaintiffs. Thus, any attempt by Plaintiffs to continue this litigation as a non-class action case would be futile as implausibly pled, and the Court should not be burdened with Plaintiffs' misguided attempt to obtain any monetary

damages when it has not pled a credible damages theory to support its claim for monetary relief. Fed.R.Civ.P. 12(b)(6).

## II. STATEMENT OF FACTS

### A. Subject Matter of Action

The present action involves ginseng which the YWC Defendants purchase in bulk, and then package in sub-one pound boxes and sell in retail stores outside the State of Wisconsin. The sub-one pound boxes state that the ginseng was grown in Wisconsin. Plaintiffs allege that the ginseng was not of Wisconsin origin, and that the labeling constitutes a mislabeling and false advertising in violation of Section 43(a) of the Lanham Act.

### B. Prior Illinois Action

Plaintiff's counsel commenced an action on May 7, 2015 in the U.S. District Court for the Northern District of Illinois ("Illinois Action") naming a trade organization, Ginseng Board of Wisconsin ("Ginseng Board") as plaintiff.[1] The Illinois Action sought an injunction and monetary damages based on alleged violations of Section 43(a) of the Lanham Act. The Ginseng Board in the Illinois Action effectively conceded at the end of the discovery period that the Ginseng Board, which is merely a trade organization representing some 200 Wisconsin ginseng growers, did not have the requisite standing to obtain any monetary damages on behalf of any of its members. The parties executed a Stipulation of Dismissal, and the action was terminated on July 27, 2016.[2]

---

[1] That action was styled *Ginseng Board of Wisconsin, Inc. v. Yin Wall City, Inc. et al.,* Civ. Action No. 1:15-cv-04057 N.D. Ill. 2015.

[2] A copy of the Stimulation For Dismissal is attached as Exhibit A and a copy of the Notification of Docket Entry dismissing the case is attached as Exhibit B to the Declaration of Peter J. Phillips ("Phillips Dec.").

The Illinois Action was brought in the Northern District of Illinois, Eastern Division, presumably because the lead defendant, Yin Wall City, Inc., operates a retail store in Chicago and is a corporation of Illinois, and its two principals, Sut I. Fong and Cheong Sat O, reside in that Judicial District. The two principals are also principals of Yin Wall City, Inc., a Texas corporation, and Yin Wall City, Dallas, Inc., a Texas corporation.

C. **Defendants Lack of Jurisdictional Contacts With Wisconsin**

None of the three YWC Defendants and none of the YWC Principals have any presence in the State of Wisconsin which would make them subject to *general* jurisdiction before this Court. Specifically, none of the Defendants: (a) reside in the State of Wisconsin; (b) maintain any office in the State of Wisconsin; (c) own or lease any real estate in the State of Wisconsin; (d) maintain any bank accounts in the State of Wisconsin; (e) have any personal property in the State of Wisconsin; (f) have any telephone listings in the State of Wisconsin; (g) are licensed to do business in the State of Wisconsin; (h) maintain any active Internet website enabling purchase of products by any persons in the State of Wisconsin or elsewhere; (i) sell any product in the State of Wisconsin, by order over the telephone or otherwise; (j) ship any products into the State of Wisconsin; or (k) target the State of Wisconsin as a market for ginseng products, by advertising, marketing or otherwise.[3]

The only transaction involving ginseng that the YWC Defendants have had with a Wisconsin entity was the purchase of prepackaged ginseng from Hsu's Ginseng Enterprises, Inc. of Wausau, Wisconsin, which product was resold in the YWC Defendants' retail stores without

---

[3] Declaration of Cheong Sat O ("Sat O Dec."), Paragraph 3.

modification. This product and the YWC Defendants' actions in procuring the product, are not the subject of any allegations by Plaintiffs in this lawsuit.[4]

## D. Gross Sales of Accused Product

The total gross sales of accused products is about $155,000,[5] which is only about 3% of the required jurisdictional amount of $5M. YWC Defendants' profits, if any, on these gross sales is, of course, less than the gross sales.

## E. The YWC Principals Have Not Made Any Ginseng Sales

The YWC Principals have not engaged in any activity with respect to the accused products which could make them personally liable in this action,[6] and the YWC Principals should be dismissed, with prejudice in the event that this action is not dismissed entirely for lack of jurisdiction or failure to plausibly plead the required jurisdictional amount in controversy of $5M.

## III. ARGUMENT

### A. The Action Should Be Dismissed Because This Court Lacks *General* or *Special* Jurisdiction Over The Defendants

### 1. *General* Jurisdiction Over The Defendants Is Lacking

For this Court to have general jurisdiction over Defendants, Defendants must be found or have some presence in the State of Wisconsin. However, none of the Defendants were found or have any presence in the State of Wisconsin. None of the Defendants reside, maintain an office, own or lease any real estate, maintain any bank accounts, have any personal property, have any telephone listings, have a license to do business or sell any products in the State of Wisconsin. Defendants do not maintain any active Internet website enabling purchase of products by persons

---

[4] Sat O Dec., Paragraph 5.
[5] Sat O Dec., Paragraph 7.
[6] Sat O Dec., Paragraph 4.

in the State of Wisconsin (or elsewhere), do not sell any product over the telephone, and do not ship any products into the State of Wisconsin. Defendants do not target the State of Wisconsin as a market for any ginseng, by advertising, marketing, or otherwise.

Because Defendants cannot be found and have no presence in the State of Wisconsin, this Court has no *general* jurisdiction over the defendants.

**2. *Special* Jurisdiction Over The Defendants Is Lacking**

As stated above, the present action relates to the offering for sale and sale of ginseng packaged by the YWC Defendants and labeled "grown in Wisconsin", using ginseng which the YWC Defendants purchased in bulk. None of the Defendants have sold, offered to sell, or shipped any of the accused products into the State of Wisconsin.

The Court has no *special* jurisdiction over the Defendants, because of the absence of "minimum contacts". For example, Defendants have not purposefully availed themselves of the privilege of conducting any of the activities alleged in the Complaint within the forum state, as required by Hanson v. Denckla, 357 U.S. 235, 253 (1958). Moreover, minimum contacts cannot be based solely on alleged injury to the plaintiff in the forum state. Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014).

Because Defendants have not *purposefully* engaged in any activity regarding offering for sale or selling the accused product in the State of Wisconsin, they have not availed themselves of conducting activities subjecting themselves to *special* jurisdiction as to the accused product, and thus *special* jurisdiction is lacking.

A defendant's operation of an active website enabling order taking is insufficient to base *special* personal jurisdiction under Advanced Tactical, 751 F.3d 796, 803. And, Defendants do

not even maintain an active website through which orders can be made, by Wisconsin residents or residents of any other jurisdictions.

Here, the only contact Defendants had with Wisconsin was the *purchase* of prepackaged ginseng, and that ginseng was from Hsu's Ginseng Enterprises, Inc. of Wausau, Wisconsin, a product is not alleged to infringe in this case, and thus cannot be the basis for *special* jurisdiction. The Seventh Circuit has unequivocally ruled that other activity of defendants, such as sales into the forum state of goods that are *not* the subject of the lawsuit, cannot be the basis for *special* jurisdiction. Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 801 ("Specific jurisdiction must rest on litigation specific conduct of the defendant in the proposed forum state"; "The only sales that would be relevant are those that are related to [defendant] Real Action's allegedly unlawful activity").

Also, even if the defendants were aware (which they were not) that the stream of commerce may or would sweep the accused products into the forum state, the mere act of placing the accused product into the stream does not mean that the act was "purposefully directed" towards the forum state. Asahi Metal Industry Co., v. Superior Court of California, Solano County, 480 U.S. 102, 112 (1987).

As noted above, in evaluating minimum contacts, defendants *purchase* of other products not accused in this case (i.e., the purchase of prepackaged ginseng from Wisconsin ginseng distributors) is not considered in a minimum contacts analysis.

Because minimum contacts are lacking, the Court lacks *special* jurisdiction over the Defendants. Moreover, even if some minimum contacts by Defendants with Wisconsin were present in this case, the Court must undertake further analysis, and the contacts must be weighed against other factors to determine if the assertion of personal jurisdiction would comport with

7

Case 2:16-cv-00605-WED   Filed 08/22/16   Page 7 of 13   Document 11

"fair play and substantial justice." *International Shoe v. Magee*, 326 U.S. 310, 316 (1945). Here, even assuming *arguendo* the presence of requisite minimum contacts, the factors do not weigh in favor of jurisdiction. The Defendants would be unfairly and unduly burdened with defending an action in Wisconsin. Fed.R.Civ.P. 12(b)(2).

Because both *general* and *special* jurisdiction is lacking over all of the Defendants here, the Court lacks jurisdiction, and this case should be dismissed for this reason alone.

### B. This Action Should Be Dismissed Because Plaintiff Has Not Plausibly Pled The Required Jurisdictional Amount For A Class Action

Plaintiffs have elected to bring the present action as a class action, naming three Wisconsin ginseng growers as nominal plaintiffs. In order for this court to have jurisdiction over the subject matter of this class action, the amount in controversy must be at least five million dollars ($5M) pursuant to 28 U.S.C. § 1332(d). This jurisdictional requirement of a $5M amount in controversy is lacking because, as Plaintiffs' counsel knows, the gross sales of alleged product alleged to be falsely labeled is only about $155,000, which is a small fraction of the five million dollars ($5M) required. Under the Section 35(a) of Lanham Act, 15 U.S.C. §1117(a), if liability is proven,[7] a Plaintiff may be entitled to *profits* of defendants, and/or Plaintiff's damages such as lost profits if adequate causation exists. The YWC Defendants' *profit* on the gross sales will be substantially less than the *gross sales*, making the amount in controversy even less.[8]

In discovery in the prior Illinois Action, Defendants provided information by which the number of boxes of accused product sold in Illinois and Texas could be easily determined. Defendants disclosed the number of empty boxes purchased from a box supplier, and number of

---

[7] Defendants reserve their rights to all defenses in this action, and discussion of sales herein should not be construed as any concession or admission of liability.
[8] While Plaintiffs have not yet disclosed the amount, if any, of damages to Plaintiffs (such as lost profits), it is implausible that the total amount in controversy would be anywhere close to $5M.

8

boxes remaining in inventory, and also produced samples of boxes which had price stickers. Defendants also disclosed that all boxes were sold as "Buy one, get one free" (or BOGO)). Based on this disclosed information, one could easily calculate the Defendants' gross sales from the accused product. The gross sales were only about $155,000, and the profits on these sales would be even less, and are substantially less than the required jurisdictional amount in controversy of $5,000,000 under 28 U.S.C. §1332(d). By way of the Declaration of Cheong Sat O being filed with this Motion, the gross sales of all accused ginseng products have been fully explained.

The Ginseng Board incorrectly alleged in its Motion to Consolidate in the Illinois Action (Docket No. 98) that some 4,325 kgs of empty ginseng boxes were purchased by Defendants. That allegation has no factual basis and is completely contrary to Defendants' disclosures which stated that items 178-206 on a shipment record from its box supplier were the ginseng boxes at issue. The items 178-206 were 29 cases of boxes (boxes numbered 178, 179, 180…206). Of those 29 cases or boxes, an explanation was given as to what ginseng box sizes the cases contained. The other boxes numbered 1-136 and 347-471 in the first line item of the Packing List were not ginseng boxes. The 29 cases of ginseng boxes were only 10% of the 290 cases making up the 4,325 kgs. Thus, Plaintiffs' assumption that all 4,325 kgs were ginseng boxes was clearly in error, and Plaintiffs' assumption that a larger number of ginseng boxes are at issue has absolutely no factual basis, and is entirely *implausible* given the facts.

In view of the foregoing, Plaintiff's Complaint alleging a jurisdictional amount of at least $5,000,000 is *implausible*, and fails to satisfy the *plausibility* standard of Bell Atlantic Corp. v. Twombly, 556 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).

Because Plaintiff's Complaint fails to plausibly plead the requisite jurisdictional amount in controversy of five million dollars, this Court lacks jurisdiction of the class action, and the Complaint should be dismissed. F. R. Civ. P. 12(b)(6).

### C. Plaintiffs' Maintenance of The Complaint After Defendants Advised Plaintiff of Its Deficient Complaint Should Entitle Defendants To Attorneys' Fees in Bring This Motion

Defendants' counsel, by letter dated July 11, 2016,[9] advised Plaintiff's counsel that its Complaint failed to satisfy the jurisdictional requirements for the two reasons on which this motion is based, and requested that Plaintiffs withdraw its Complaint to avoid Defendants having to file this Motion. However, notwithstanding the clear deficiencies in the Complaint, Plaintiff persisted in maintaining this action without any substantial justification.

Defendants seek attorneys' fees in bringing this Motion based on the clear deficiencies of its Complaint, and maintaining this baseless action.

### D. The Non Corporate Defendants Should Be Dismissed Because They Have Not Engaged In Any Alleged Offer For Sale or Sale of the Accused Product

Plaintiffs' Complaint names the two YWC Principals of the YWC Defendants, Sut I. Fong and Cheong Sat O. These principals and shareholders of the corporate defendants have not engaged in any alleged misconduct which is the basis of Plaintiffs' Complaint. The only alleged misconduct alleged in the Complaint is the activity of the YWC Defendants *through* their principals, and not that *of* its principals.

Plaintiffs have not alleged any basis for maintaining these individuals as separate defendants in this action, and these individuals should be dismissed from the case with prejudice.

---

[9] A copy of the July 11, 2016 letter is being submitted as Exhibit C to the Phillips Dec.

### E. Even If This Action Is Not Dismissed, And Does Not Proceed As A Class Action, Plaintiffs Cannot Demonstrate Entitlement To Any Damages

Plaintiffs are only three of some 200 Wisconsin ginseng growers.[10] Unlike a typical Section 43(a) Lanham Act case involving a single trademark or right owned by a single plaintiff or jointly-owned exclusivity by all the named plaintiffs, here the three Plaintiffs are not the sole suppliers of ginseng grown in Wisconsin and do not have exclusive rights to label their ginseng as "grown in Wisconsin." Thus, Plaintiffs here cannot prove that sales by the YWC Defendants were diverted from the Plaintiffs. In a case where the alleged rights are not exclusive and there are more suppliers than the named plaintiff(s), monetary relief should be denied because the plaintiff(s) cannot prove diversion, i.e., that they would have made the sales that a defendant made. See *Burndy Corp. v. Teledyne Industries, Inc.*, 748 F. 2d 767 (2d Cir. 1984) (Plaintiff was not the exclusive distributor of approved products, and was denied relief because Plaintiff could not prove that Plaintiff, rather than the other approved suppliers, would have made the Defendant's sales).

Accordingly, any attempt by Plaintiffs to proceed with this action as a non-class action case to obtain any monetary relief would be futile because Plaintiffs have not demonstrated damages. Fed.R.Civ.P. 12(b)(6).

### IV. CONCLUSION

For the foregoing reasons, this Complaint should be dismissed for the Court's lack of jurisdiction over the Defendants, and for the failure of Plaintiffs' Complaint to plausibly plead facts supporting the requisite jurisdiction amount in controversy of five million dollars ($5M). The individual shareholders should in any event be dismissed. Further, Plaintiffs should be held

---

[10] A copy of a webpage of the Ginseng Board is attached as Exhibit D to the Phillips Dec., and states that the number of Wisconsin ginseng growers is about 200.

liable for Defendants' attorneys' fees in bringing and maintaining this baseless action. Additionally, any attempt to proceed with this action as a non-class action would be futile, because Plaintiffs do not exclusively own all rights to claim "grown in Wisconsin" and cannot plausibly demonstrate entitlement to monetary damages.

Dated: August 22, 2016

/Peter N. Jansson/
**Peter N. Jansson**
Jansson Munger McKinley & Kirby Ltd
601 Lake Ave
Racine, WI 53403
(262) 632-6900
pjansson@janlaw.com

**Eric V.C. Jansson**
Jansson Munger McKinley & Kirby Ltd
601 Lake Ave
Racine, WI 53403
(262) 632-6900
ejansson@janlaw.com

**Molly H. McKinley**
Jansson Munger McKinley & Kirby Ltd
601 Lake Ave
Racine, WI 53403
(262) 632-6900
mmckinley@janlaw.com

**Peter J. Phillips**
Lucas & Mercanti, LLP
30 Broad Street, 21st Floor
New York, NY 10004
(212) 661-8000
pjphillips@lmiplaw.com

*Attorneys for Defendants*
Yin Wall City, Inc. (Illinois),
Sut I. Fong,
Cheong Sat O,
Yin Wall City, Inc. (Texas), and
Yin Wall City, Dallas, Inc.

| | |
|---|---|
| BAUMANN FARMS, LLP ) <br> a Wisconsin limited liability partnership; ) <br> GLENN HEIER; and AARON KAISER, ) <br>  ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> YIN WALL CITY, INC., an Illinois ) <br> corporation; SUT I. FONG; CHEONG SAT O; ) <br> YIN WALL CITY, INC., a Texas corporation; ) <br> and YIN WALL CITY, DALLAS, INC., ) <br> a Texas corporation, ) <br>  ) <br>  ) <br> Defendants. ) | Case No.: 2:16-cv-605 <br><br> Judge: Hon. <br> Mag. Judge: Hon. |

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION OVER EACH DEFENDANT, AND FAILURE TO SATISFY REQUISITE JURISDICTIONAL AMOUNT IN CONTROVERSY FOR CLASS ACTION was served on the following counsel for Plaintiff, on August 22, 2016 by filing by ECF, which constitutes service:

Michael T. Hopkins, Esq.
Hopkins Law Firm
757 N. Broadway, Suite 2201
Milwaukee, WI 53202
mth@ip-lit.us


*/Peter N. Jansson/*
Peter N. Jansson