# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

BAUMANN FARMS, LLP,
a Wisconsin Limited Liability Partnership;
GLENN HEIER; and AARON KAISER

        Plaintiffs,

      v.                       Case No. 16-CV605

YIN WALL CITY, INC., an Illinois corporation;
SUT I. FONG; CHOENG SAT O;
YIN WALL CITY, INC., a Texas corporation; and
YIN WALL CITY, DALLAS, INC., a Texas Corporation,

        Defendants.

---

## ORDER

---

On November 29, 2016, this court issued an Order (ECF No. 19) denying the defendants' motion to dismiss the plaintiffs' class action complaint on a variety of grounds. Defendants now move the court to reconsider one aspect of that decision—whether the court may exercise specific personal jurisdiction over the defendants. (ECF No. 20.)

Defendants assert that this court incorrectly applied the Supreme Court's decision in *Walden v. Fiore*, 134 S. Ct. 1115 (2014), when it concluded that the YWC

defendants had expressly targeted the Wisconsin ginseng market, creating the requisite

minimum contacts with the forum state. Defendants contend that they have no

jurisdictionally relevant contact with Wisconsin and their activities do not show "some

act by which the defendant purposefully avails itself of the privilege of conducting

activities within the forum State." (ECF No. 20 at 3) (quoting *N. Grain Mktg., LLC v.*

*Greving*, 743 F.3d 487, 492 (7th Cir. 2014)). And the YWC defendants assert that the case

at bar is distinguishable from *Calder v. Jones*, 465 U.S. 783 (1984) (discussed in detail in

*Walden v. Fiore)*, where the Supreme Court found "minimum contacts" with California

because the special nature of the tort of libel worked a reputational harm that was said

to "occur" in that state.

The court disagrees. In *Calder v. Jones*, the allegedly libelous story concerned the

California activities of a California resident. The brunt of the harm caused by the story

was suffered in California. Thus, the court concluded that jurisdiction over the

defendants (residents of Florida) was proper in California based on the "effects" of their

Florida conduct in California. 465 U.S. at 788-89.

Similarly, here the complaint alleges that the defendants through their false

advertising engaged in unfair competition, which is "understood to be concerned with

injuries to business reputation and present and future sales." *Lexmark Intern., Inc. v.*

*Static Control Components, Inc.*, 134 S. Ct. 1377, 1389-90 (2014) (the goal of § 1125 of the

Lanham Act was to protect competitors). The plaintiffs allege that, by falsely branding

their inferior ginseng as having been grown in Wisconsin, the defendants intended to boost their sales. In the process, they knowingly damaged the reputation of ginseng actually grown in Wisconsin. The brunt of the harm of that unfair competition was suffered in Wisconsin by Wisconsin ginseng farmers.

As stated by the court in *Calder v. Jones*, knowing that the brunt of the injury caused by their false advertising would be felt by ginseng farmers in Wisconsin, the defendants must "reasonably anticipate being haled into court" here to answer for their false advertising. 465 U.S. at 790 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). A Wisconsin ginseng farmer need not go to Illinois to seek redress from persons who knowingly cause injury in Wisconsin.

**IT IS THEREFORE ORDERED** that defendants' motion for reconsideration is **denied.** Defendants shall answer or file other responsive pleadings no later than **December 19, 2016**.

Dated at Milwaukee, Wisconsin this 6th day of December, 2016.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge