# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BAUMANN FARMS, LLP
a Wisconsin limited liability partnership;
GLENN HEIER; and AARON KAISER,

                Plaintiffs,

    v.                                                          Case No. 16-CV-605

YIN WALL CITY, INC., an Illinois
corporation; SUT I. FONG; CHEONG SAT O;
YIN WALL CITY, DALLAS, INC.,
a Texas Corporation,

                Defendants.

YIN WALL CITY, INC. (Illinois),
YIN WALL CITY, INC. (Texas), and
YIN WALL CITY DALLAS, INC.,

                Counterclaim and
                Third-Party Plaintiffs,

    v.

BAUMANN FARMS, LLP; GLENN HEIER;
and AARON KAISER,

                Counterclaim Defendants

                and

GINSENG BOARD OF WISCONSIN, INC.;
THOMAS HACK, JOE HEIL and KURT BAUMANN,

                Third-Party Defendants.

_____

# DECISION AND ORDER

On May 5, 2017, plaintiffs Baumann Farms, LLP, Glenn Heier and Aaron Kaiser moved pursuant to Federal Rule of Civil Procedure 23 to certify this action against

defendants Yin Wall City, Inc., Sut I. Fong, Choeng Sat O, Yin Wall City, Inc., and Yin Wall City Dallas, Inc. as a class action. (ECF No. 33.) Baumann asks the court to certify a class defined as:

> All individuals and entities engaged in the business of cultivating ginseng in the State of Wisconsin who have registered as ginseng growers with Wisconsin's Department of Agriculture, Trade and Consumer Protection between January 2010 and the date of judgment herein, as mandated by Wis. Stats. § 94.50(2).

(ECF No. 33 at 5.) Under section 94.50(2) of the Wisconsin Statutes and Chapter ATCP 148 of the Wisconsin Administrative Code, anyone growing ginseng in Wisconsin is required to register annually with Wisconsin's Department of Agriculture, Trade and Consumer Protection (DATCP). According to the plaintiffs, in 2017 there are 180 ginseng growers registered with the DATCP. (ECF No. 33 at 2.)

Plaintiffs are all Wisconsin ginseng growers and would be the class representatives and their lawyer would be class counsel. The defendants oppose the motion.

The plaintiffs are suing the defendants for a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Section 43(a) states:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with

> another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

The plaintiffs allege that Wisconsin ginseng is of superior quality to ginseng grown elsewhere. They allege that the defendants sold ginseng labeled as having been grown in Wisconsin when, in fact, it had not—most likely, it had been grown in China. (ECF No. 33 at 3-4.) According to the plaintiffs, by passing off ginseng grown in China as having been grown in Wisconsin, the defendants harm Wisconsin ginseng growers in two ways: first, it floods the U.S. market with ginseng root which purports to be grown in Wisconsin, which "depress[es] the price at which ginseng root actually grown in Wisconsin may be sold"; and, second, by selling ginseng root of lesser quality identified as Wisconsin ginseng root, the sales erode the status and desirability of Wisconsin ginseng in the mind of the consuming public, decreasing the market demand for Wisconsin-grown ginseng. (ECF No. 33 at 4-5.)

Federal Rule of Civil Procedure 23(a) provides that one or more members of a class may sue as representative parties on behalf of all members if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

3

(4) the representative parties will fairly and adequately protect the interests of the class.

If those prerequisites for a class action are satisfied, a class action may be maintained if:

(1) prosecuting separate actions by or against individual class members would create a risk of:
   (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
   (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior over other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
   (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
   (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
   (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b). Rule 23 is to be liberally interpreted to foster its policy in favor of class actions. *King v. Kansas City Southern Industries, Inc.*, 519 F.2d 20, 25 (7th Cir. 1975). A party seeking class certification must affirmatively demonstrate compliance with the rule and be prepared to prove that there are *in fact* sufficiently numerous parties,

common questions of law or fact, etc. *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Additionally, the class definition cannot be too amorphous or broad—such as when potential class members are unidentified and identifying them is a complex, highly individualized task not reducible to simple, objective criteria. *See Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481 (7th Cir. 2012). Heightened ascertainability of class members is not required so long as the class is properly certified considering the requirements of Rule 23. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015). If ascertainability of the class is in question, the court has discretion to wait and see how any potential problem turns out after settlement or judgment when additional information on relevant factors becomes known. *See Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). Furthermore, if a problem becomes apparent, the court may decertify the class at a later stage of the litigation. *Id*.

### A. Numerosity and Commonality

The numerosity requirement of Rule 23(a)(1) is satisfied if "the class [is] 'so numerous that joinder of all members is impracticable.'" *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 606 fn. 8 (1997). The defendants do not dispute that the plaintiffs have satisfied the requirements of Rule 23(a)(1). Baumann is seeking to certify a class of approximately 180 Wisconsin ginseng growers. (ECF No. 33 at 5.) The defendants do not dispute that number. Resolving over 180 claims as a single class action is a more

efficient utilization of judicial resources than several separate lawsuits, and joinder of each individual plaintiff is impractical. Thus, the court finds that the numerosity required by Rule 23(a)(1) is established.

Nor do the defendants argue that plaintiffs lack commonality as required by Rule 23(a)(2). (ECF No. 43.) Commonality requires that claims depend on a common contention and that that contention be of such a nature that it is capable of classwide resolution. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982). For example, commonality can be found in the question of whether packaging is likely to deceive a reasonable customer despite some class members later purchasing a slightly different version of the package. *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 757 (7th Cir. 2014). In circumstances where minor overbreadth arises, the validity of the class as a whole is not in question when the class definition can be amended to correct for overbreadth. *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 826 fn. 15 (7th Cir. 2012).

The common contention alleged by the plaintiffs is that the defendants sold ginseng with a false designation of origin which is likely to cause confusion, mistake, or to deceive, a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The claims of every class member will rise or fall on the resolution of that question. Thus, the court finds that the commonality required by Rule 23(a)(2) is established.

## B. Typicality

The defendants' argument against class certification is that the claims of the proposed class representatives are not typical of the claims of the members of the class as required by Rule 23(a)(3). (ECF No. 43 at 4.) Specifically, the defendants argue that the "[r]elief potentially obtainable in a claim under Section 43(a) [of the Lanham Act] would be in the form of an injunction and monetary damages." (ECF No. 43 at 2.) The defendants argue that none of the named plaintiffs can demonstrate that they are entitled to an injunction because the defendants have already stopped selling the allegedly misbranded product, eliminating any threat of future harm. (ECF No. 43 at 5-6.) In addition, the defendants argue, "no Plaintiff can demonstrate any monetary damage from the sales made by Defendants of the accused product." (ECF No. 43 at 6-7.) For these reasons, they have no "claim" that is typical of the proposed class under Rule 23(a)(3). (ECF No. 43 at 2-3.)

In determining whether the claims of the proposed plaintiff representatives are typical of the claims of the class, the court focuses on whether the named representatives' claims have the same essential characteristics as the claims of the class at large. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006). The claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory. *Id*.

In order to establish a violation of section 43(a) of the Lanham Act the plaintiffs must show: (1) the defendants used in connection with goods or services a false designation of origin or false description or representation; (2) the defendants caused such goods and services to enter commerce; and (3) the plaintiffs believe they are likely to be damaged as a result thereof. *Web Printing Controls Co., Inc. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1204 (7th Cir. 1990). Defendants interpret the third requirement as mandating that plaintiffs show that they are entitled to injunctive relief or monetary damages. But that is not true.

A court may fashion wide relief for a violation of the Lanham Act, including recovery of the defendants' profits. *Web Printing Controls., Co., Inc.*, 906 F.2d at 1205. One form of relief that may be awarded is the disgorgement of the defendants' profits. *Id*. Unlike monetary damages, the recovery of the defendants' profits is not based on proof of the plaintiffs' injury or damages, but rather on the defendants' unjust enrichment or the need for deterrence. *Id*. at 205. All the plaintiffs would be required to prove would be the defendants' sales. *Badger Meter Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1156-67 (7th Cir. 1994).

Further, the fact that the defendants may have voluntarily stopped selling the mislabeled ginseng does not bar injunctive relief. Under the Lanham Act Congress granted district courts "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable." *Berghoff Restaurant Co., Inc. v.*

*Lewis W. Berghoff, Inc.*, 499 F.2d 1183, 1185 (7th Cir. 1974). In deciding whether injunctive relief is warranted, one issue is whether there is a "real and immediate threat" of repeated injury inflicted by the defendants. *See Young v. Lane*, 922 F.2d 370, 373 (7th Cir. 1991) (*citing O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). Although the defendants contend that they have stopped selling the mislabeled product, it is too early to determine whether they no longer pose a threat to recommence selling mislabeled product such that no injunctive relief is necessary. In any event, the fact that the defendants have stopped (at least for now) selling ginseng stating that it was grown in Wisconsin does not bar class certification for failure to satisfy the typicality requirement of Fed. R. Civ. P. 23(a)(3).

### C. Adequate Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The plaintiffs are currently cultivating ginseng in Wisconsin and registered with Wisconsin's DATCP. (ECF No. 33 at 11.) The defendants do not dispute that the plaintiffs will fairly and adequately protect the interests of the class.

Thus, the court finds that the requirements of Rule 23(a) are satisfied.

### D. Rule 23(b) Requirements

The plaintiffs argue that they meet the following requirements of Rule 23(b)(3):

> questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is

> superior to other available methods for fairly and efficiently adjudicating the controversy….

Specifically, they argue that whether the defendants violated § 43(a) of the Lanham Act is a question common to all class members. (ECF No. 33 at 12-13.) In addition, because the plaintiffs are not seeking their own damages but rather disgorgement of the defendants' profits along with injunctive relief, there are no questions affecting only individual members. (*Id.*)

The defendants do not respond to this argument.

The court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). The defendants allege that they stopped selling the ginseng labeled "grown in Wisconsin" in July 2015. (ECF No. 43-1, ¶ 1.) Thus, the class definition will include those who have registered as ginseng growers from 2010 up to and through the date on which the defendants stopped selling the ginseng that the plaintiffs allege was falsely labeled.

Having considered the factors under Fed. R. Civ. P. 23(g), the court appoints Michael T. Hopkins as class counsel. He has substantial federal court litigation experience, including in intellectual property disputes, which have some similarities with Lanham Act claims. (*See* ECF No. 33 at 11.) His representation of the plaintiffs in this case to date reflects an understanding of the Lanham Act. He has identified and

investigated the claim and has demonstrated that he has the resources necessary to represent the class. The defendants do not contend that he will be unable to fairly and adequately represent the interest of the class.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for class certification (ECF No. 33) is **granted**.

The class is certified as follows: all individuals and entities engaged in the business of cultivating ginseng in the State of Wisconsin who have registered as ginseng growers with Wisconsin's DATCP as mandated by Wis. Stats. § 94.50(2), from January 2010 through the date the defendants stopped selling ginseng in boxes labeled as "grown in Wisconsin," excluding defendants and all officers, directors, employees, and agents of defendants.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 23(g)(2)(B), Michael T. Hopkins of IP-Litigation US LLC is appointed class counsel.

**IT IS FURTHER ORDERED** that, within 28 days of this order, class counsel shall provide the court with a proposed form of notice to potential class members consistent with Fed. R. Civ. P. 23(c)(2)(B).

Dated at Milwaukee, Wisconsin this 25th day of August, 2017.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge