# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BAUMANN FARMS, LLP
a Wisconsin limited liability partnership;
GLENN HEIER; and AARON KAISER,

                    **Plaintiffs,**

      v.                                                             Case No. 16-CV-605

YIN WALL CITY, INC., an Illinois
corporation; SUT I. FONG; CHEONG SAT O;
YIN WALL CITY, DALLAS, INC.,
a Texas Corporation,

                      **Defendants.**

YIN WALL CITY, INC. (Illinois),
YIN WALL CITY, INC. (Texas), and
YIN WALL CITY DALLAS, INC.,

                      **Counterclaim and**
                      **Third-Party Plaintiffs,**

      v.

BAUMANN FARMS, LLP; GLENN HEIER;
and AARON KAISER,

                    **Counterclaim Defendants**

                    **and**

GINSENG BOARD OF WISCONSIN, INC.;
THOMAS HACK, JOE HEIL and KURT BAUMANN,

                    **Third-Party Defendants.**

_____

# DECISION AND ORDER

On August 22, 2018, the Parties filed a Joint Motion for Preliminary Approval of

Class Action Settlement. (ECF No. 62.) The court has read and considered the

Settlement Agreement, the exhibits attached thereto, and the declarations in support of preliminary approval of the settlement.

**IT IS HEREBY ORDERED:**

1). The parties' Joint Motion for Preliminary Approval of Class Action Settlement (ECF No. 62) is **granted**. Resolution of class action litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). Federal Rule of Civil Procedure 23 allows a court to certify a class conditionally or provisionally, for purposes of effectuating a settlement. *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768, 793-794 (3d Cir. 1995).

A Federal Rule of Civil Procedure 23(b)(3) class action may only be approved if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations and citation omitted). Other factors considered are the complexity, expense, and likely duration of the litigation; reaction of the class to the settlement; the stage of the proceedings and the amount of discovery complete; the risks of establishing liability;

the risks of establishing damages; the ability of the defendants to withstand greater judgment; and the range of reasonableness of the settlement funds to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

The terms of the Stipulated Settlement Agreement and Release ("SAR") entered into between the parties (ECF No. 62-1) are fair and reasonable. Real disputes exist between the parties as to whether liability exists in this case and, if liability were proven, the extent of Plaintiffs' damages and the proof which must be presented before Defendants would be required to disgorge profits arising from the sales at issue. Additionally, Defendants have raised fifteen (15) affirmative defenses to Plaintiffs' claims, the establishment of any one of which could bar recovery to Plaintiffs, in whole or in part. Finally, as individuals, Fong and Sat O. have limited resources from which to satisfy any potential judgment. In light of these risks, and the costs associated with fully litigating these issues, the court finds the overall settlement to be reasonable and fair for all class members.

Further, upon review of the Declarations submitted by counsel for the parties (ECF Nos. 63, 64), the court is satisfied that the settlement reached by the parties culminated from a long negotiation process, including mediation with Magistrate Judge Gorence, and that said negotiations were conducted on an arms-length basis throughout, between two experienced trial counsel.

The SAR provides a minimum payment of approximately $350 to each member of the Settlement Class, which the court finds to be adequate and reasonable given the claims presented and the evidence produced during discovery. To the extent individuals opt out of the settlement, such additional funds will be divided among the remaining members of the Settlement Class. None of the $160,000.00 in settlement funds will revert to Defendants.

2). Consistent with the court's prior class certification (*see* ECF No. 48 at 11), the Settlement Class is defined as:

> [A]ll individuals and entities engaged in the business of cultivating ginseng in the State of Wisconsin who have registered as ginseng growers with Wisconsin's DATCP as mandated by Wis. Stats. § 94.50(2), during the calendar years 2010 through 2015, excluding Certified Class members who have previously asked to be excluded from the Class, defendants, and all officers, directors, employees, and agents of defendants.[1]

3). Because of the limited and known size of the Settlement Class, and Class Counsel's prior experience of mailing the initial Notice of Class Action to the Certified Class members, the settlement shall be administered by Class Counsel, Attorney Michael T. Hopkins.

4). A Notice of Proposed Settlement (ECF No. 62-2) shall be provided to the Settlement Class (as identified through the records obtained by Class Counsel from

---

[1] Of the 288 registered growers previously provided notice of this litigation as potential Certified Class members, 6 growers have moved with no forwarding address on file, 3 growers had opted out of class participation, and 36 were only registered growers in 2016 or 2017, leaving a Settlement Class of 243 members.

4

DATCP), via the United States Postal Service, First Class postage prepaid, on or before October 15, 2018. The Notice of Proposed Settlement shall include reference to a "Ginseng Class Action Settlement Webpage" (URL: www.ip-lit.us/ginseng-ywc), which shall contain downloadable .pdf copies of this Order; the SAR; the Parties' Joint Motion for Approval of Settlement; Class Counsel's Motion for an Award of Attorney's Fees and Costs; the Class Representatives' Motion for a Participation Award; and any other document or matter hereinafter required by the Court. Said webpage shall be operational as of the date the Notice of Proposed Settlement is mailed.

The Notice of Proposed Settlement shall advise Settlement Class members that any Lanham Act claims they may wish to pursue in a separate lawsuit filed after July 2018, based upon the facts or claims alleged in this litigation, may be barred by the applicable statutes of limitations in Illinois and Wisconsin, and that expert legal advice should be obtained before deciding to opt-out of this settlement.

5). Class Counsel's Motion for an Award of Attorney's Fees and Costs, and the Class Representatives' Motion for a Participation Award shall be filed (and posted on Ginseng Class Action Settlement Webpage) on or before October 15, 2018.

6). Any Settlement Class member wishing not to participate in the proposed settlement may opt-out of the settlement by sending a written notice of non-participation to Class Counsel, via U.S. Mail, email, or facsimile transmission, no later than November 14, 2018 (the "opt-out date"). Any such notice postmarked on or before the opt-out date

shall be considered timely. Settlement Class members who timely opt out of the Settlement: (a) will not be a part of the Settlement; (b) will have no right to receive any benefits under the Settlement; (c) will not be bound by the terms of the Settlement; and (d) will not have any right to object to the terms of the Settlement or be heard at the fairness hearing. Any opt-out notice not timely received by Class Counsel shall not be considered by the court.

7). Additionally, any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement; and/or may object to the proposed attorney fee or class representative participation awards.

To be effective, any such objection must be timely served on Class Counsel, via U.S. Mail, email, or facsimile transmission, no later than November 14, 2018 (the "objection date"). Any such notice postmarked on or before the objection date shall be considered timely. Additionally, objections must contain all of the following information to be considered by the court:

(a). A reference at the beginning to this case, *Baumann Farms, LLP, et al. v. Yin Wall City, Inc., et al.*, Case No. 2:16-cv-605;

(b). The objector's full name, address, and telephone number;

(c). A written statement of all grounds for the objection, accompanied by any legal support for such objection;

(d). Copies of any papers, briefs, or other documents upon which the objection is based;

(e). A list of all persons who will be called to testify in support of the objection; and

(f). A statement of whether the objector intends to appear at the fairness hearing. If the objector intends to appear at the fairness hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the fairness hearing.

8). The Final Fairness Hearing shall be conducted on January 23, 2018, at 9:30 am.

9). In the event the court approves this settlement on or after the Final Fairness Hearing, net settlement proceeds will be paid to Settlement Class members on a pro rata basis, regardless of any one member's relative ginseng production during the period of time (2010-2015) during which Defendants were selling ginseng in packages which plaintiffs claim were mislabeled. This method of distribution would result in the complete disbursement of settlement funds, mooting any discussion of potential cy pres awardees. The court finds that this method of distribution will be fair and reasonable to all Settlement Class members, and is in conformity with the damages claims made by Plaintiffs in this litigation on behalf of all class members.

10). In the event the Court does not approve this settlement on or after the Final Fairness Hearing, this case shall proceed as if no settlement had been attempted.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 14th day of September, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge