# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

BAUMANN FARMS, LLP
a Wisconsin limited liability partnership;
GLENN HEIER; and AARON KAISER,

                    Plaintiffs,

          v.                                      Case No. 16-CV-605

YIN WALL CITY, INC., an Illinois
corporation; SUT I. FONG; CHEONG SAT O;
YIN WALL CITY, DALLAS, INC.,
a Texas Corporation,

                    Defendants.

---

YIN WALL CITY, INC. (Illinois),
YIN WALL CITY, INC. (Texas), and
YIN WALL CITY DALLAS, INC.,

                    Counterclaim and
                    Third-Party Plaintiffs,

          v.

BAUMANN FARMS, LLP; GLENN HEIER;
and AARON KAISER,

                    Counterclaim Defendants

                    and

GINSENG BOARD OF WISCONSIN, INC.;
THOMAS HACK, JOE HEIL and KURT BAUMANN,

                    Third-Party Defendants.

---

## DECISION AND ORDER

---

Having come before the Court on January 23, 2019, for a Final Fairness Hearing

related to the parties' stipulated Class Action Settlement, on their joint motion for final

approval of the Class Action Settlement, and on Plaintiffs' Motion for Approval of Class

Counsel's Fees and Expenses and Plaintiffs' Participation Awards, the Court, having

considered the full record, including the arguments and submissions of counsel, hereby

finds:

A. The Court previously preliminarily approved the parties' stipulated Class

Action Settlement, and certified the Settlement Class as

> [A]ll individuals and entities engaged in the business of cultivating ginseng in the State of Wisconsin who have registered as ginseng growers with Wisconsin's DATCP as mandated by Wis. Stats. § 94.50(2), during the calendar years 2010 through 2015, excluding Certified Class members who have previously asked to be excluded from the Class, defendants, and all officers, directors, employees, and agents of defendants.

(ECF No. 66 at 2-4.)

B. Pursuant to the Court's Decision and Order of September 14, 2018, preliminarily

approving the parties' Class Action Settlement (ECF No. 66), Class Counsel caused copies

of the *Notice of Settlement and Final Fairness Hearing* (ECF No. 62-2; *see* ECF No. 70, ¶ 2) to

be mailed to the 244 members of the Settlement Class via the U.S. Postal Service, First

Class postage, prepaid, on October 15, 2018.

C. As of October 15, 2018, Class Counsel also posted downloadable pdf copies of

all relevant and required documents concerning this litigation, as well as the Court's

preliminary approval of the parties' stipulated Class Action Settlement and notice of the

Final Fairness Hearing to the URL "www.ip-lit.us/ginseng-ywc," as required by the

Court's Decision and Order of September 14, 2018. (*See* ECF No. 70-2.)

D. The class notice required by Rule 23(e), Fed. R. Civ. P., has been provided in accordance with the Court's Decision and Order preliminarily approving the Class Action settlement, which notice, by mail and website posting having been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of Rule 23(e) and due process. (*See generally* ECF No. 70.)

E. Since this Court's preliminary approval of the Settlement Agreement, neither the Court nor Class Counsel have received a settlement opt-out notice; an objection to Class Counsel's proposed fees or expenses; or an objection to Plaintiffs' proposed participation awards from any of the 244 certified Settlement Class members.

F. The settlement as set forth in the Settlement Agreement was negotiated at arms-length, is fair, reasonable and adequate to members of the Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

G. The relief provided under the settlement constitutes fair value given in exchange for the releases of claims against the Released Parties.

H. The parties and each member of the Class have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

I. It is in the best interests of the parties and the members of the Class and consistent with principles of judicial economy that any dispute between any member of the Class (including any dispute as to whether any person is a member of the Class) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

**BASED UPON THE FOREGOING**, it is hereby **ORDERED** as follows:

1. The Court hereby grants final approval of the Settlement, and this entire action, including all claims, counterclaims and third-party claims, is dismissed with prejudice.

2. All parties shall be bound by all of the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in the action concerning the Settlement.

3. The Court grants final approval to the method of allocation and distribution of the Settlement Fund as set forth in the Settlement Agreement. Class Counsel, as the Settlement Administrator, shall distribute the funds according to the terms of the Settlement Agreement.

4. The Court grants Plaintiffs' Motions (ECF No. 67) for attorneys' fees in the reasonable sum of $64,000.00; expenses in the reasonable amount of $5,556.30; and Class Representative participation awards to the three named Plaintiffs in the reasonable amount of $1,500.00 each, all to be paid from the Settlement Fund.

5. The Court grants Plaintiffs' Motion to File Exhibit A to the Declaration of Michael T. Hopkins Regarding Registered Ginseng Growers and Class Members Under Seal (ECF No. 71).

6. The Court hereby enters Final Judgment in this case and dismisses this case with prejudice in accordance with the terms of the Settlement Agreement. There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to forthwith enter this Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 24th day of January, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge